# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1372

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Andrew Schrock, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 6, 2010
Filed: August 11, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Andrew Schrock pleaded guilty to making a threat involving fire and explosives, in violation of 18 U.S.C. § 844(e), the district court[1] varied upward from the recommended Guidelines range and sentenced him to 60 months in prison and 3 years of supervised release. This appeal followed, in which counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. For the following reasons, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We review Schrock's sentence under an abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence under the totality of the circumstances. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing factors that constitute abuse of discretion). Counsel does not appear to be arguing that there was procedural error, and in any event, we find none. We also conclude the sentence was not substantively unreasonable given the district court's careful and proper consideration of multiple 18 U.S.C. § 3553(a) sentencing factors that the court believed warranted a variance in this case, including Schrock's history and characteristics, the nature and circumstances of his offense, and his danger to the community. See 18 U.S.C. § 3553(a)(1), (2)(A)-(D) (sentencing factors include need to reflect seriousness of offense and protect public from further crimes by defendant, nature and circumstances of offense, history and characteristics of defendant, affording adequate deterrence, and need to provide defendant with treatment); Gall v. United States, 552 U.S. 38, 51 (2007) (reviewing court must give due deference to sentencing court's decision that § 3553(a) factors justify variance); cf. United States v. Braggs, 511 F.3d 808, 812-13 (8th Cir. 2008) (affirming variance from Guidelines range of 15-21 months to 48 months in prison where court properly considered § 3553(a) factors, particularly need to promote respect for law, provide just punishment, afford adequate deterrence, and protect public).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____